IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **International Watchman Inc.** | ) | |
| c/o statutory agent: Ronald Sabo, Jr. | ) | Case No. |
| 4301 Manhattan Ave. | ) | |
| Brunswick, Ohio 44232 | ) | Judge: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR** |
| v. | ) | **TRADEMARK INFRINGEMENT,** |
| | ) | **COUNTERFEITING, AND UNFAIR** |
| | ) | **COMPETITION** |
| | ) | |
| | ) | |
| **Amber Anderson** | ) | *(Jury demand endorsed hereon)* |
| Dba www.Clydetime.com | ) | |
| Dba www.Clyde17.com | ) | |
| 798 E. 1475 N | ) | |
| Lehi, UT  84043 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| John Does 1 through 10 | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

NOW COMES the Plaintiff, *International Watchman, Inc.*, and for its Complaint against the Defendants Amber Andersonand and John Does alleges as follows:

## THE PARTIES

1. The Plaintiff, International Watchman, Inc., is a corporation organized under the laws of Ohio, and has its principal place of business in Brunswick, Ohio, which is in Medina County.

2. Upon information and belief, the Defendant Amber Anderson operates merchant websites at www.clydetime.com and www.clyde17.com.

3. The domain www.clydetime.com and www.clyde17.com are registered to Defendant.

4. On information and belief, each of the Defendants, and Does 1 through 10, and each of

them, were the owners, agents and/or employees of each of the remaining Defendants, and in doing the things herein alleged, were acting within the course and scope of said agency and/or employment, in that the actions of each of the Defendants as herein alleged were authorized, approved, and/or ratified by each of the other Defendants as principals and/or employers.

5. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of Does 1 through 10, inclusive, when Plaintiff ascertains the identity of such Defendants. Plaintiff is informed and believes, and thereon allege, that each of these Defendants is responsible in some manner for the acts and omissions which damaged Plaintiff, and that Plaintiff's damages as alleged herein were proximately caused by their actions or omissions.

## JURISDICTION AND VENUE

6. This is an action for trademark infringement for damages, injunctive relief and other relief for violations of 15 USC 1114; 15 USC 1125(a); 15 USC 1125(b);  and for related claims arising under the State of Ohio's Deceptive Trade Practices Act, RC 4165.01 et seq.  Plaintiff further alleges that Defendants engaged in a civil conspiracy against Plaintiff and their authorized licensees.  The course, scope and furtherance of said conspiracy involved the acts and conduct hereinafter alleged.

7. The Court has jurisdiction of this action under 15 USC 1121 and 28 USC 1131, 1338 and 1367.  The Court has subject matter over this matter because the Plaintiff states a claim for federal trademark infringement, 15 U.S.C. § 1125(a); §43(a) of the Lanham Act.  This Court also has supplemental jurisdiction over the claims in the Complaint which arise under the statutory and common law of the State of Ohio pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and

derive from a common nucleus of operative facts.

8. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendant are subject to personal jurisdiction in this district, and the infringement occurred within this judicial district.

## FACTUAL ALLEGATIONS

9. Since its founding in 1986 and incorporation in 1997 Plaintiff has designed, produced, and marketed a broad line of products. These products include watches, watch parts, watch bands, watch straps, watch bracelets, deployment buckles, watch tools, loupes, case openers, screwdrivers, link removers, hand pullers, spring bars, watch boxes, watch rolls, folders, cases, and other similar products in the United States and overseas.

10. Within this areas of specialty, Plaintiff, through its brand, has become very famously well known as a supplier of watches and watchstraps sold by Plaintiff and its authorized licensees under the NATO® brand.

11. Currently, the Plaintiff sells and distributes NATO® brand products through online marketplaces, such as www.eBay.com and www.Amazon.com, through directly through distributors or under license to sell in these and other areas.

12. The Plaintiff has a federally registered mark for "NATO" Registration Number 3,907,646. ("the '646 mark")  (See Registration Certificate attached hereto as "Exhibit 1.")

13. The fame and popularity of Plaintiff's brand has led to numerous "knock-offs" and cases of infringement.

14. To date, Plaintiff has successfully enforced its rights with dozens of parties attempting to utilize the name recognition of the NATO brand for the sale of unauthorized watches or watch bands.

15. In addition to the NATO® brand achieving the status incontestable as provided under 15 U.S.C. 1062, the NATO® brand has been acknowledged by many in the field as being valid and non-generic.

16. Plaintiff is currently asserting that Defendant has infringed and is infringing Plaintiff's federally registered trademark.

17. The Defendant has unfairly misused Plaintiff's registered mark by the use of "NATO" in connection with their infringing products, namely, the use of "NATO" in the advertising of their watches and in describing their watchbands (See Exhibit 2).

18. The Defendants' intended use of the NATO Straps name is colorable imitation of Plaintiff's "NATO" mark, and cause confusion in the marketplace.

19. Defendants numerous uses of the feature "NATO Strap" throughout their product offerings and the advertisement and marketing of the same results in confusion by their customers of the source of supply of their watchstraps and/or otherwise causes confusion or dilution in the marketplace.

20. Such confusion and/or dilution becomes engrained, iterative and self-perpetuating within the internet, causing further confusion and/or dilution ad infinitum.

21. The Defendants were not and are not authorized by the Plaintiff in any way to use the Plaintiff's federally registered marks.

22. The Plaintiff is entitled to an award of damages against all Defendants for trademark infringement.

### CLAIM NO. 1
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1114 (§32 of the Lanham Act)*

23. Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

24. The Defendants' use in commerce of a reproduction, counterfeit, copy, or colorable

imitation of Plaintiff's NATO® registered mark in connection with the sale, offering for sale, distribution or advertising of goods and services provided by Defendants has been done in such a manner as to be likely to cause confusion, mistake, or deceive.

25. Defendant's actions were committed with knowledge that the imitation was intended to be used to cause confusion, mistake or to deceive.

26. Plaintiff is entitled to injunctive relief under 15 USC §1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC §1117. Damages recoverable are three times the actual damages sustained by Plaintiff, Defendants profits and the costs of the action, together with Plaintiff's attorney fees or in the alternative, damages in such sum as the court may find to be just according to the circumstances of the case, or in the alternative, at the election of Plaintiff, statutory damages in an amount not to exceed two hundred thousand dollars ($200,000.00).

### CLAIM NO. 2
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a) (§43(a) of the Lanham Act)*

27. Plaintiff realleges all preceding allegations.

28. Defendants' use of the term NATO in relation to their watchstraps is likely to cause confusion with Plaintiff's mark, NATO®.

29. Defendants' use of the term NATO in relation to their watchstraps is likely to cause mistake between Plaintiff's mark, NATO®.

30. Defendants' use of the term NATO is relation to their watchstraps is likely to deceive as to the affiliation, connection or association with Plaintiff's mark, NATO®.

31. Defendants willfully intended to trade on Plaintiff's reputation and/or cause dilution of Plaintiff's mark by their use of the terms NATO.

32. Plaintiff is entitled to injunctive relief under 15 USC §1116 and recovery of damages

from Defendants jointly and severally, pursuant to 15 USC §1117. Damages recoverable are actual damages sustained by the Plaintiff, the Defendants' profits, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sum as the court may find just according to the circumstances of the case.

### CLAIM NO. 3
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(b) (§43(b) of the Lanham Act)*

33. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

34. Defendants' use of the term NATO is a counterfeit of Plaintiff's registered mark, NATO®.

35. Plaintiff is entitled to injunctive relief under 15 USC §1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC §1117. Damages recoverable are actual damages sustained by the Plaintiff, the Defendants' profits, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sum as the court may find just according to the circumstances of the case. Plaintiff is entitled to injunctive relief under 15 USC §1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC §1117. Damages recoverable are three times the actual damages sustained by Plaintiff, Defendants profits and the costs of the action, together with Plaintiff's attorney fees or in the alternative, damages in such sum as the court may find to be just according to the circumstances of the case, or in the alternative, at the election of Plaintiff, statutory damages in an amount not to exceed two hundred thousand dollars ($200,000.00).

### CLAIM NO. 4
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(b) (§43(b) of the Lanham Act)*

36. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

37. Defendants willfully intended to trade on Plaintiff's reputation and/or cause dilution of Plaintiff's mark by their use of the terms NATO.

38. Plaintiff is entitled to injunctive relief under 15 USC §1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC §1117. Damages recoverable are actual damages sustained by the Plaintiff, the Defendants' profits, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sum as the court may find just according to the circumstances of the case. Plaintiff is entitled to injunctive relief under 15 USC §1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC §1117. Damages recoverable are three times the actual damages sustained by Plaintiff, Defendants profits and the costs of the action, together with Plaintiff's attorney fees or in the alternative, damages in such sum as the court may find to be just according to the circumstances of the case, or in the alternative, at the election of Plaintiff, statutory damages in an amount not to exceed two million dollars ($2,000,000.00).

## CLAIM NO. 5
*(Ohio Unfair Competition O.R.C § 4165.01 et seq.)*

39. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

40. Defendants' conduct in the use of the term NATO and other conduct as alleged in the operative facts represents unfair business practices under RC §4165.01 et seq. for which Defendants are jointly and severally liable for all damages proximately caused to Plaintiff.

41. Plaintiff is further entitled to injunctive relief, treble damages and attorney fees under said act.

## CLAIM NO. 6

*(Civil Conspiracy)*

42. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

43. All of the Defendants, including John Does, in conjunction with the repeating of customer review postings on Defendant's website, as well as the other conduct alleged above in this Complaint constitute a pattern of corrupt activity and a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.

44. Defendants entered into a civil conspiracy to unlawfully and unfairly to compete with Plaintiff and deprive Plaintiff of the benefit of Plaintiff's goodwill, reputation, and benefits Plaintiff derives from its registered trademark NATO®.

45. Defendants have by their conduct unlawfully traded on the goodwill and reputation of Plaintiff and its trademark and trade name, damaging Plaintiff by way of lost profits and damage to the goodwill and reputation to the Plaintiff, as well as infringement and dilution of Plaintiff's trademark NATO®.

46. Defendants are jointly and severally liable for damages incurred by Plaintiff in an amount which will be proven at trial.  Defendants are further liable for the costs Plaintiff incurs in the prosecution of this action.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, the Plaintiff prays that this Court enter an Order against Defendant:

A) That the court enter judgment in favor of Plaintiff against Defendants, jointly and severally, for all damages proximately caused by Defendants and further award Plaintiff its attorney fees and costs incurred in the prosecution of this action.

B) That the court find that Defendants have violated 15 USC 1114 and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 USC

1117 consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just; that the court in the alternative, if elected by Plaintiff, award statutory damages of $200,000.00 against Defendants.

C) That the court find that Defendants have violated 15 USC 1125(a) and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 USC 1117 consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just; that the court in the alternative, if elected by Plaintiff, award statutory damages of $2,000,000.00 against Defendants.

D) A permanent injunction enjoining the Defendants from making, using, marketing or selling any product or service that infringes upon the Plaintiff's NATO trademarks;

E) That the court find that Defendants have violated 15 USC 1125 (b) and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 USC 1117 consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just.

F) That the court find that Defendants have violated RC 4165.01 et seq. and grant Plaintiff preliminary and permanent injunctive relief together with such damages as are proven at trial, said amount to be trebled; and that the court award Plaintiff its attorney fees and costs.

G) That the court find that Defendants engaged in a civil conspiracy and award Plaintiff damages in an amount to be proven at trial together with costs of suit.

H) That the court award such other and further relief as it deems just and equitable in the premise.

## JURY DEMAND

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable.

Most Respectfully Submitted,

___/s/ John D. Gugliotta_____

**JOHN D. GUGLIOTTA (0062809)**
*John D. Gugliotta, P.E.,Esq., LPA*
55 S. Miller Road, Suite 203
Akron, OH 44333
Tel.    (330) 253 – 2225
Fax    (330) 659 – 5855

**C. VINCENT CHOKEN (0070530)**
**DAVID A. WELLING (0075934)**
*CHOKEN & WELLING*
Attorneys at Law
3020 West Market Street
Akron, Ohio 44333
Tel.    (330) 865 – 4949
Fax    (330) 865 – 3777

*Counsel for the Plaintiff*